IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

       Petitioner,

vs.                                                     No. CV 19-00497 KWR/GJF

KEN SMITH,

       Respondent.

### ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254. However, New Mexico Corrections Department records reflect that Petitioner has been released from custody. (Doc. 1 at 4). Therefore, his claims may be moot and, if so, this case should be dismissed due to the absence of a present case or controversy.

When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

During the time a prisoner is incarcerated, a prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing

1

injury other than the now-ended incarceration—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *See, e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner filed his Petition Under 28 U.S.C. § 2254, in which he stated that he was incarcerated and serving his sentence at Central New Mexico Correctional Facility. (Doc. 1 at 1). Heard sought to compel an award of lump-sum meritorious deductions in order to shorten his prison sentence. (Doc. 1 at 6-7, 13-17). The record reflects that he was subsequently transferred to the Penitentiary of New Mexico in October 2020. (Doc. 10).

Based on New Mexico Corrections Department records, it appears that Heard was released in December 2021 and is no longer in state custody. If Heard has been released, then there may no longer be any case or controversy that can be remedied through a § 2254 proceeding. *Spencer*, 523 U.S. at 7–8. Therefore, the Court will order Petitioner to show cause, within 30 days of entry of this Order, why this case should not be dismissed as moot. If Petitioner does not respond and show cause within 30 days, this case may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that, within thirty (30) days from entry of this Order, Petitioner shall show cause why this action should not be dismissed as moot based on lack of a present case or controversy under Article III, § 2, of the U.S. Constitution.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE