IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN HEARD,

      Petitioner,

vs.                                                                                           No. 1:19-cv-00497-KWR-GJF

KEN SMITH, WARDEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner John Heard (Doc. 1). Petitioner Heard seeks habeas corpus relief under 28 U.S.C. § 2241. However, New Mexico Department of Corrections' records and the Court's record reflect that Petitioner Heard has been released from custody. (*See* Doc. 12 at 2). Petitioner has failed to respond to a Court Order to Show Cause directing him to address the custody issue. (Doc. 12). Therefore, Petitioner Heard's § 2241 claims are moot, and this case will be dismissed due to the absence of a present case or controversy, for failure to comply with a Court order, and for failure to prosecute under Fed. R. Civ. P. 41(b).

When a prisoner is released from custody, the petitioner's subsequent release may cause the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478 (1990). See also *Preiser v. Newkirk,* 422 U.S.

1

395, 401 (1975). A petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra,* at 477.

An incarcerated prisoner's challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or restrictions imposed by the terms of the parole) constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. Once the prisoner's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained. *See*, *e.g., Carafas v. LaVallee,* 391 U.S. 234, 237-238 (1968). *See also, Sibron v. New York,* 392 U.S. 40, 55–56 (1968).

In this case, Petitioner John Heard filed his Petition Under 28 U.S.C. § 2241. (Doc. 1). In his Petition, Heard stated that he was incarcerated and serving his sentence at Central New Mexico Correctional Facility. (Doc. 1 at 1). Heard sought to compel an award of lump-sum meritorious deductions in order to shorten his prison sentence. (Doc. 1 at 6-7, 13-17). The record reflects that he was subsequently transferred to the Penitentiary of New Mexico in October 2020. (Doc. 10). Based on New Mexico Department of Corrections records, it appears that Heard was released in December 2021 and is no longer in state custody. On January 18, 2022, the Court entered an Order to Show Cause, directing Petitioner Heard to address the custody issue and show cause why the case should not be dismissed within 30 days. (Doc.12).

More than 30 days has elapsed, and Petitioner Heard has not responded to the Court's Order to Show Cause or communicated with the Court. Because Heard has been released, there is no longer any case or controversy that can be remedied through a § 2241 proceeding. *Spencer v. Kemna*, 523 U.S. at 7–8. Further, Heard's failure to respond to the Order to Show Cause constitutes a failure to comply with a Court order and failure to prosecute. The Court may dismiss

2

an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980).  Therefore, the Court will dismiss the Petition as moot and for failure to comply with a Court order and failure to prosecute. Fed. R. Civ. P. 41(b); *Spencer*, 523 U.S. at 7–8.

Also pending before the Court is the Motion for Court Clerk to Serve Summons (Doc. 11) filed by Petitioner Heard.  The Court will also deny the Motion as moot in light of the dismissal of this case.

**IT IS THEREFORE ORDERED:**

**(1)**  the Motion for Court Clerk to Serve Summons (Doc. 11) filed by Petitioner Heard is **DENIED AS MOOT**; and

**(2)**  the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner John Heard (Doc. 1) is **DISMISSED AS MOOT** based on lack of a present case or controversy under Article III, § 2, of the Constitution or, alternatively, for failure to comply with a Court Order and failure to prosecute under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

                                            **KEA W. RIGGS**
                                            **UNITED STATES DISTRICT JUDGE**